SHEPHERD, J.,
concurring.
This court recently admonished “all counsel” who practice in the courts of this state that “improper conduct” in the courtroom “will not be condoned by this court.” Chin v. Caiaffa, 42 So.3d 300, 311-12 (Fla. 3d DCA 2010) (emphasis added). This case involves conduct outside the courtroom, stemming from the theft of a 2000 Freight-liner “eighteen wheeler” commercial truck from the premises of an interstate trucking company where it was parked. The police found the vehicle the next day. The insured’s principal claim is that the thieves took ten expensive tires from the truck and replaced them with then-inferior tires. After suit was filed, the trial court abated the action and ordered completion of the previously begun examination under oath (EUO). The same lawyer who conducted the first aborted EUO conducted the second. It lasted over seven hours. It strains credulity to assert — as the insurer does in this case — that a seven-hour sworn statement of a single individual is necessary to the investigation of an $8000 tire loss claim, whatever might be the insurer’s suspicions. “Over-lawyering” is a frequent affliction found in the legal profession. If there is any question concerning whether the insured’s instincts about the interrogator’s purpose was any different in the second EUO than in the first, the doubt can be dispelled easily by reviewing the transcript of the latter EUO.
An attorney is an officer of the court, and he plays his role badly, even outside the courtroom, if he trespasses against the obligations of his professional responsibilities. See Georgopoulos v. Int’l Bhd. of Teamsters, AFL-CIO, 942 F.Supp. 883, 905 (S.D.N.Y.1996). A careful review of the transcript of the second EUO reveals the role played by counsel during that EUO was performed just like the first— badly. As in the first EUO, counsel’s misunderstanding of the permissible range of inquiry in a sworn statement taken to verify a simple theft loss, whatever might have been the insurer’s suspicions, was palpable. Upon a review of the entire record, it now is undeniable, in my estimation, that— although it should have been — the insured’s claim in this case was not resolvable absent judicial intervention.
With these additional observations, I fully join in the well-reasoned opinion of the court.